### GELB v. MURTAGH et al.

#### (Supreme Court, Appellate Term. June 6, 1907.)

MUNICIPAL CORPORATIONS—USE OF STREET AS HIGHWAY—NEGLIGENCE—QUESTIONS FOR JURY.

In an action for damages to plaintiff's horse and wagon by being run into by defendant's truck, *held* that, under the evidence, the question of the negligence of the driver of defendant's truck was for the jury.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Gelb against Charles E. Murtagh and another. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Scherer & Dashew, for appellant.
Feltenstein & Rosenstein, for respondent.

GILDERSLEEVE, P. J. The plaintiff, who is substantially corroborated by another witness, gives the following version of the accident:

"I was driving from Rivington street up to Cannon street. There was a building over there, a house, on one side. There was a hill, with sand and iron and anything for building, on the right side. I was driving the horse, and there came a truck [defendant's] from the east side. I had a big load, and I saw that he [the driver of the truck] was not far from me, and I told him, 'Hey, stop!' He did not want to stop. I stopped. I didn't want to fight

with anybody. I know how a driver is. I went to the right side before the hill, and he went to the west side with his pole, and my traces he caught them, and he broke both shafts and ran over my horse and broke the wheel. I was going to the East river. This was at the corner of Clinton and Rivington streets, more to Clinton street. I passed Clinton street. I was on the right side. These horses [defendant's] were coming from the East river, west. I saw that he [defendant's driver] wants to come in. I was before him. I told him, 'Hey, stop! I have a load.' He didn't want to stop. I stopped on this side, the right side. On the left side was a push cart. Between the push cart and my wagon there was room enough for that team of horses and this wagon [of defendant] to go through. He drove over with the wagon on my side. His pole went into my traces and broke both shafts—hit the front wheel. My wheel turned over the horse, broke the wheel, and broke the axle. My horse fell down. The wagon was standing. He only broke both shafts, broke the axle of the front wheels, because he knocked it in with his wheel, and the front springs, too."

At the end of plaintiff's case the defendant's counsel said:

"I move to dismiss the complaint on the ground that the plaintiff has absolutely failed to show negligence on the part of the driver operating this wagon."

The court replied:

"The motion is granted."

Plaintiff appeals.

Giving credence to the testimony of plaintiff, and drawing therefrom the reasonable inferences most favorable to him, under the rule prevailing in cases where the complaint is dismissed on plaintiff's evidence alone, we are of opinion that the plaintiff made out a prima facie case, and that the ruling of the court below was error.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.